UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ACCESS 4 ALL, INC. and FELIX ESPOSITO, )
)
    *Plaintiffs*, )
)
v. )
) NO. 1: 04CV12240 (GAO)
MASSACHUSETTS MUTUAL LIFE )
INSURANCE CO., )
)
    *Defendant*. )

## ANSWER OF DEFENDANT MASSACHUSETTS MUTUAL LIFE INSURANCE CO. TO PLAINTIFFS' COMPLAINT

Defendant Massachusetts Mutual Life Insurance Co. ("Defendant"), by Counsel Epstein, Becker & Green, P.C., for its Answer to the Complaint of Plaintiffs Access 4 All, Inc. and Felix Esposito states as follows:

The unnumbered initial paragraph contains statements as to the nature of Plaintiffs' claims as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendant's part, Defendant denies said allegations.

1. Paragraph 1 of the Complaint contains jurisdictional allegations as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendant's part, Defendant denies said allegations.

2. Paragraph 2 of the Complaint contains allegations concerning venue as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendant's part, Defendant denies said allegations.

3. Defendant lacks sufficient information to admit or deny the allegations of paragraph 3 of

the Complaint and, therefore, denies same.

 4. Defendant lacks sufficient information to admit or deny the allegations of paragraph 4 of the Complaint and, therefore, denies same.

 5. Defendant admits that it owns the Springfield Marriott Hotel located at 1500 Main Street, Springfield, MA. Except as expressly admitted, Defendant denies all remaining allegations.

 6. Paragraph 6 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendant's part, Defendant denies said allegations.

 7. Paragraph 7 of the Complaint contains recitations of congressional findings contained in the Americans with Disabilities Act for which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendant's part, Defendant denies said allegations.

 8. Paragraph 8 of the Complaint contains recitations of congressional findings contained in the Americans with Disabilities Act for which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendant's part, Defendant denies said allegations.

 9. Paragraph 9 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendant's part, Defendant denies said allegations.

 10. Paragraph 10 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendant's part, Defendant denies said allegations.

 11. Defendant lacks sufficient information to admit or deny the allegations of paragraph 11

of the Complaint and therefore denies same and, answering further, expressly denies that Plaintiffs have suffered any injury as a result of any action by Defendant or that Defendant has violated the ADA.

12. Defendant lacks sufficient information to admit or deny the allegations of paragraph 12 of the Complaint and therefore denies same and, answering further, expressly denies that Plaintiffs have suffered any injury as a result of any action by Defendant or that Defendant has violated the ADA.

13. Defendant denies the allegations of paragraph 13 of the Complaint.

14. Defendant denies the allegations of paragraph 14 of the Complaint.

15. Defendant admits that the Springfield Marriott Hotel, located at 1500 Main Street, Springfield, MA is a place of public accommodation. Defendant further admits that it owns this facility. Except as expressly admitted, Defendant denies the remaining allegations of paragraph 15 of the Complaint.

16. Defendant denies the allegations of paragraph 16 of the Complaint.

17. Defendant lacks sufficient information to admit or deny the allegations of paragraph 17 of the Complaint and therefore denies same and, answering further, denies that Plaintiff Esposito cannot use the pertinent part of the facility in question.

18. Defendant denies the allegations of paragraph 18 of the Complaint.

19. Defendant denies the allegations of paragraph 19 of the Complaint.

20. Defendant denies the allegations of the first sentence of paragraph 20 of the Complaint and, answering further, denies that there are any alleged violations that materially affect usability. The second sentence of paragraph 20 is a demand for an inspection as to which no response is required. To the extent that anything therein is construed as a factual allegation of

liability on Defendant's part, Defendant denies said allegations.

21. Paragraph 21 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendant's part, Defendant denies said allegations.

22. Paragraph 22 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendant's part, Defendant denies said allegations.

23. Defendant denies the allegations of paragraph 23 of the Complaint.

24. Defendant denies the allegations of paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint contains legal conclusions and statements concerning plaintiffs' retention of counsel as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendant's part or that Plaintiffs are entitled to an award of fees and costs, Defendant denies said allegations.

26. Paragraph 26 of the Complaint contains legal conclusions and statements concerning plaintiffs' retention of counsel as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendant's part, Defendant denies said allegations.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint contains legal conclusions as to which no response is required or appropriate. To the extent that anything therein is construed as a factual allegation of liability on Defendant's part, Defendant denies said allegations and, answering further, Defendant denies that there is any basis for injunctive relief.

29. Defendant denies that Plaintiffs are entitled to any of the relief requested in the

WHEREFORE clause of the Complaint or to any other relief.

30. Any allegation not previously admitted or denied is hereby denied.

### AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Complaint, Defendant states the following affirmative and other defenses:

### FIRST DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief may be granted as to one or both Plaintiffs.

### SECOND DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations and/or other statutory or other provisions of law.

### THIRD DEFENSE

All actions taken with respect to Plaintiffs were taken in good faith and for legitimate business reasons.

### FOURTH DEFENSE

Defendant did not act with bad faith, evil motive, willfulness, malice or reckless indifference toward Plaintiffs.

### FIFTH DEFENSE

The applicable law does not entitle Plaintiffs to recover compensatory or punitive damages as to some or all of their claims.

### SIXTH DEFENSE

Plaintiffs lack standing to bring some or all of the claims asserted herein and/or to obtain the relief requested.

## SEVENTH DEFENSE

There are no barriers to accessibility at the public accommodation at issue in this case.

## EIGHTH DEFENSE

Assuming, arguendo, that any barriers as alleged do exist, their removal is not readily achievable in whole or in part and/or they do not materially affect usability.

## NINTH DEFENSE

Any and all alterations, as defined in Title III of the ADA, after January 26, 1992 were made so that to the maximum extent feasible, the altered portion of the facilities, if any, are readily accessible to and usable by individuals with disabilities.

## TENTH DEFENSE

To the extent that any alterations were made triggering the requirements of 28 C.F.R. § 36.403 (path of travel), the cost of meeting those requirements are disproportionate to the cost of the alterations.

## ELEVENTH DEFENSE

Assuming, arguendo, that the ADA Accessibility Guidelines are deemed relevant in this case, any deviations from those guidelines are de minimis and within construction tolerances.

## TWELFTH DEFENSE

The alleged deficiencies asserted in the Complaint are not required to be corrected by applicable law because to do so would constitute an undue burden or would be structurally impracticable in whole or in part.

## THIRTEENTH DEFENSE

Assuming, <u>arguendo</u>, that any barriers as alleged do exist, their removal is beyond the control or capacity of Defendant and/or are barred by fire or other regulations.

## FOURTEENTH DEFENSE

All actions taken with regard to the design and construction of the facility in question were taken in good faith and for legitimate, lawful business reasons.

## FIFTEENTH DEFENSE

The facility in question provides equivalent facilitation and/or appropriate means for disabled patrons to enjoy its goods, facilities and services.

## SIXTEENTH DEFENSE

Defendant reserves the right to assert additional affirmative or other defenses with regard to some or all of Plaintiffs' claims.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed in its entirety, with prejudice, and that it be awarded its fees and costs and such other relief as the Court may deem appropriate.

Respectfully submitted,

MASSACHUSETTS MUTUAL LIFE
INSURANCE CO.,
By its attorneys,

/s/: Heather C. Krauss
Barry A. Guryan, BBO # 214920
Heather C. Krauss, BBO # 644457
Epstein Becker and Green, P.C.
111 Huntington Avenue

26th Floor
Boston, MA 02199
Tel: (617) 342-4000
Fax: (617) 342-4001

Frank C. Morris, Jr. (Admitted pro hac vice)
Minh N. Vu (Admitted pro hac vice)
Epstein Becker and Green, P.C.
1227 25th St., N.W., Suite 700
Washington, D.C. 20037-1175
Tel: (202) 861-0900
Fax: (202) 296-2882

DATED: December 28, 2004                    Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December, 2004, I served a copy of the foregoing Answer to Plaintiffs' Complaint by first class mail to:

>Oliver Wragg, Esq.
>Lawrence A. Fuller, Esq.
>Fuller, Fuller and Associates, P.A.
>12000 Biscayne Blvd., Suite 609
>North Miami, FL  33181

>/s/: Mihn N. Vu
>Minh N. Vu
>(Admitted Pro Hac Vice)